John D. Bennett, S.
This is a proceeding to compel an administrator to render an account.
Decedent died on February 28, 1957. She left surviving her husband, Jack Fechter, who is also the administrator herein, and two children, a son Noel Fechter, and a daughter Rita Goldstein, both being over 21 years of age.
The proceeding herein was commenced by the decedent’s son, and was joined in by her daughter. The petition alleges a failure to account on the part of the administrator. In his answer the administrator denies that allegation, and sets up the defense of releases. By way of reply, the petitioners allege that they were induced to sign the purported releases as a result *230 of fraud perpetrated upon them by the administrator, their father.
The court placed this matter on the calendar for a preliminary hearing on the question of the validity of the releases. At the hearing before this court held on August 25, 1960, certain deeds to two parcels of real property in the estate were put in evidence by the respondent. These were the only parcels of realty in the estate. The deeds bore the signatures of petitioners as grantors and Jack Fechter, individually, as grantee. Respondent also placed in evidence the releases signed by the petitioners herein.
Both petitioners gave like testimony, that late in 1957 they signed both the releases and the deeds during a meeting at the home of Rita Goldstein where the administrator was present, that no accounting has ever been rendered to them, and that they signed these documents at the request of their father, the administrator, relying on his statements that this was necessary for the settlement of the estate. In addition, they testified that both the releases and the deeds were signed by them in blank, without the typed entries being filled in at that time.
In conflict with this testimony of the petitioners is testimony of the attorney for the estate, who prepared the deeds and releases, and of the administrator that there were no blank spaces on the forms of releases and deeds, but that same were complete when offered for the signatures. The administrator testified, in addition, that he had requested the realty be given to him by his children, and they agreed, stating it was only fair since he had worked for it and they never expected to share in it.
This court has before it for decision at this time two questions, the first being the validity of the releases executed by petitioners, and the second the validity of the deeds to the realty executed by them. The court finds that the deeds and releases were complete when signed.
Matter of Amuso (18 Misc 2d 936), decided by this court on June 16, 1959, discussed • releases between fiduciaries and beneficiaries at some length. In analyzing the authorities on the subject it was therein held as follows (pp. 937-938): “In every case the ultimate duty of the fiduciary is to render to the beneficiaries an accounting in some form. The nature of the accounting depends on the nature of the estate and the circumstances present. Whether oral or in writing, the accounting should be complete unless the opportunity for an accounting is fairly made to a cestui and he affirmatively waives his right. It would appear obvious, therefore, that an estate representative acts at his peril if he relies on a general release without *231 evidence of an appropriate accounting, oral or in writing, or of the cestui’s refusal or failure to avail himself of such an accounting.”
In the case at bar, there has not been sufficient evidence introduced by the administrator, upon whom rests the burden of proof, for this court to find that an accounting was rendered by the fiduciary to the beneficiaries, or that the beneficiaries herein waived their rights to such an accounting.
However, on the question of the execution of the deeds to the real property, this court finds from the evidence presented that the beneficiaries (the grantors) knew that they were executing deeds to the only real property in the estate, and did so of their own free will and not as a result of any fraud or undue influence. There were two deeds and but two parcels which could be conveyed. Therefore, the court finds that the deeds in question are valid, and denies that portion of the relief requested in the petition which seeks to have them set aside.
Accordingly, the releases herein are set aside to the extent that they affect the personal property of the decedent, and the administrator must render a final account of the proceedings in this estate.